FILED - USDC ALSD
JAN 27 '26 PM2:19

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

**JABAR ARKEZ FAIR,**
Plaintiff,

v.

**CITY OF MOBILE, ALABAMA,** and
**DAVID DAUGHENBAUGH,** in his official capacity as Director of Code Enforcement for the
City of Mobile and in his individual capacity,
Defendants.

Civil Action No. 26-cv-022-KD-B

**COMPLAINT AND JURY DEMAND**

Plaintiff Jabar Arkez Fair, proceeding pro se, for his Complaint against Defendants City of
Mobile, Alabama and David Daughenbaugh, alleges as follows:

**INTRODUCTION**

1. This is a civil action brought pursuant to 42 U.S.C. § 1983 to redress the deprivation of
   rights secured by the First, Fourth, and Fourteenth Amendments to the United States
   Constitution.

2. This action arises from retaliatory and unconstitutional code enforcement actions taken
   by Defendants after Plaintiff engaged in protected speech challenging enforcement
   practices and requesting legal authority from senior City leadership.

3. After months of cooperation and after Plaintiff stored his personal vehicle inside an
   enclosed garage with the City's knowledge and accommodation, Defendants initiated a
   new vehicle enforcement action within approximately two weeks of Plaintiff's protected
   speech.

4. Plaintiff further alleges that City agents opened and/or manipulated closed garage doors
   that require manual force to open, in order to expose the vehicle for photographs, without
   consent, warrant, or exigent circumstances, and then relied on those photographs to
   justify the enforcement action.

5. Plaintiff seeks declaratory relief, injunctive relief, compensatory damages, nominal
   damages, punitive damages against Defendant Daughenbaugh in his individual capacity,
   costs, and such other relief as the Court deems just and proper.

**JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 because this action arises under the Constitution and laws of the United States.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the events giving rise to the claims occurred in Mobile County, Alabama, within the Southern District of Alabama.

## PARTIES

8. Plaintiff Jabar Arkez Fair is a resident of the State of Alabama.

9. Plaintiff owns the personal motor vehicle that is the subject of the enforcement actions challenged in this Complaint.

10. The real property where the vehicle is still stored is located at 927 Nellie Street, Mobile, Alabama, and the vehicle remains stored there.

11. The property is owned by J. Fair Enterprises, Inc., an Alabama corporation.

12. Plaintiff occupies, possesses, and controls the residence and enclosed garage area at 927 Nellie Street pursuant to a rental or lawful occupancy arrangement with J. Fair Enterprises, Inc., including the authority to exclude others from the enclosed garage area.

13. By virtue of his lawful occupancy and control, Plaintiff maintained a reasonable expectation of privacy in the enclosed garage, its doors, and its contents, including the stored vehicle.

14. Plaintiff brings this action in his individual capacity based on violations of his personal constitutional rights and his personal property interest in his vehicle.

15. Defendant City of Mobile, Alabama is a municipal corporation organized under the laws of the State of Alabama and is responsible for the policies, customs, practices, training, supervision, and actions of its code enforcement personnel.

16. Defendant David Daughenbaugh is, and at all relevant times was, the Director of Code Enforcement for the City of Mobile.

17. Upon information and belief, Defendant Daughenbaugh exercised final decision-making authority and/or final policymaking authority for the City with respect to code enforcement practices relevant to Plaintiff, including initiation, continuation, and ratification of vehicle enforcement actions and the methods used to document alleged violations.

18. Defendant Daughenbaugh is sued in his official capacity for declaratory and injunctive relief and in his individual capacity for damages.

19. Municipal enforcement officers and other City agents acted under the direction, supervision, authority, and control of Defendant Daughenbaugh. Those individuals are identified herein as non-party actors.

## FACTUAL ALLEGATIONS

20. Beginning in February 2025, Plaintiff communicated with City code enforcement personnel regarding his personal motor vehicle at the property located at 927 Nellie Street, Mobile, Alabama.

21. Plaintiff explained that the vehicle has significant sentimental value and that he intended to store the vehicle in compliance with City requirements.

22. Plaintiff disclosed that he resides approximately three hours away from Mobile, Alabama, and requested reasonable time to complete compliance steps.

23. City personnel were aware of Plaintiff's circumstances and provided time for compliance, including time to move the vehicle into an enclosed garage.

24. In or around October 2025, Plaintiff caused the vehicle to be placed inside the enclosed garage at 927 Nellie Street.

25. Plaintiff notified City personnel that the vehicle had been moved into the garage and was no longer in public view.

26. City personnel acknowledged the storage arrangement and allowed the vehicle to remain stored in the enclosed garage.

27. In late November 2025, Plaintiff communicated with senior City officials, including Defendant Daughenbaugh, challenging enforcement practices, disputing the City's position, and requesting the legal authority supporting the City's claims and actions.

28. Plaintiff's late-November 2025 communications constituted protected speech and petitioning activity regarding government conduct.

29. After Plaintiff's authority challenge and request for legal support, City leadership failed to provide the requested authority and ceased meaningful response.

30. On December 4, 2025, the City initiated a new vehicle enforcement case against the property at 927 Nellie Street, Case Number M.E.-110473-2025, Case Type M.E. – Vehicle, with "Date Case Established" listed as 12/04/2025 and a compliance deadline of 12/18/2025.

31. The December 4, 2025 Notice directed corrective action and referenced an alleged municipal code violation, including reference to "Violation: 52-1 IPMC 302.8 Motor Vehicles – Motor Vehicles Code Violation."

32. The Notice stated that failure to comply may result in issuance of a Municipal Offense Ticket and that repeated violations will result in automatic citations.

33. At all relevant times surrounding the December 4, 2025 enforcement action, Plaintiff's vehicle was stored inside the enclosed garage at 927 Nellie Street with the City's prior knowledge and accommodation.

34. The garage doors are manually operated and require physical force to open fully. The doors do not fully open by wind, and wind cannot open the doors as wide as they were opened for the photographs used against Plaintiff.

35. Plaintiff alleges that City agents opened and/or manipulated closed garage doors to expose the vehicle for photographs, without Plaintiff's consent and without a warrant.

36. Plaintiff alleges that the City then relied on photographs taken after the doors were opened and the vehicle was exposed to justify the December 4, 2025 enforcement action, despite the vehicle being stored inside the enclosed garage.

37. A tow operator who placed the vehicle into the garage can testify the garage doors were closed and secured immediately after placement.

38. A second witness can testify the garage doors were observed closed after the vehicle was stored and remained closed.

39. The timing, the silence following Plaintiff's authority request, and the abrupt re-initiation of enforcement support a reasonable inference that Defendants acted with retaliatory motive and without lawful basis.

40. The documents and declarations supporting these allegations are attached as Exhibits A through E and are incorporated by reference.

## COUNT I — FIRST AMENDMENT RETALIATION (42 U.S.C. § 1983)

41. Plaintiff realleges paragraphs 1 through 40.

42. Plaintiff engaged in constitutionally protected speech and petitioning activity by challenging enforcement practices and requesting legal authority from senior City leadership in late November 2025.

43. Defendants took adverse action against Plaintiff by initiating a new vehicle enforcement case on December 4, 2025 concerning Plaintiff's vehicle at 927 Nellie Street, with a compliance deadline of December 18, 2025 and threatened enforcement consequences for noncompliance.

44. The adverse action occurred in close temporal proximity to Plaintiff's protected activity and within approximately two weeks of Plaintiff's authority challenge and resulting silence.

45. Defendants' adverse action was substantially motivated by Plaintiff's protected speech and petitioning activity.

46. Defendants' retaliatory conduct violated Plaintiff's rights under the First Amendment.

## COUNT II — FOURTH AMENDMENT UNREASONABLE SEARCH (42 U.S.C. § 1983)

47. Plaintiff realleges paragraphs 1 through 40.

48. The enclosed garage at 927 Nellie Street is part of the home's curtilage and is a protected area where Plaintiff maintained a reasonable expectation of privacy by virtue of lawful occupancy and exclusive control over the enclosed space and its doors.

49. Plaintiff exercised day-to-day control over the enclosed garage area and its doors, maintained the doors closed, and had authority to exclude others from entry into the enclosed garage area.

50. Plaintiff alleges City agents opened and/or manipulated closed garage doors to expose the vehicle for photographs, without consent, without a warrant, and without exigent circumstances.

51. Defendants' actions constituted an unreasonable search in violation of the Fourth Amendment.

## COUNT III — PROCEDURAL DUE PROCESS (FOURTEENTH AMENDMENT) (42 U.S.C. § 1983)

52. Plaintiff realleges paragraphs 1 through 40.

53. Plaintiff possessed protected interests, including his property interest in his vehicle and his liberty and property interests in being free from municipal enforcement actions initiated and pursued on a materially false or manufactured factual premise.

54. Defendants initiated and pursued the December 4, 2025 vehicle enforcement case based on photographs and "inspection" conditions Plaintiff alleges were created by City agents opening and/or manipulating closed garage doors of an enclosed garage, without consent or warrant, to expose the vehicle for documentation.

55. The December 4, 2025 Notice threatened enforcement consequences, including the issuance of a Municipal Offense Ticket for failure to comply and automatic citations for repeated violations, thereby placing Plaintiff under the immediate risk of penalties and further enforcement based on the manufactured premise.

56. By initiating and maintaining an enforcement action grounded on a manufactured factual premise and unlawfully created photographic evidence, Defendants deprived Plaintiff of a meaningful opportunity to contest the enforcement action on an accurate factual record and thereby denied constitutionally adequate procedural protections.

57. Defendants violated Plaintiff's procedural due process rights under the Fourteenth Amendment.

## COUNT IV — SUBSTANTIVE DUE PROCESS (FOURTEENTH AMENDMENT) (42 U.S.C. § 1983) (PLED IN THE ALTERNATIVE)

58. Plaintiff realleges paragraphs 1 through 40.

59. This Count is pled in the alternative to the extent a trier of fact or the Court concludes that the misconduct alleged is not fully redressed under the First and Fourth Amendments alone.

60. Defendants' conduct, as alleged, included retaliatory use of government power and intentional creation or manipulation of conditions to manufacture enforcement evidence against Plaintiff.

61. Such conduct constitutes an arbitrary abuse of governmental authority that is not rationally related to a legitimate governmental objective and shocks the conscience under the circumstances alleged.

62. Defendants violated Plaintiff's substantive due process rights under the Fourteenth Amendment.

## MONELL LIABILITY (CITY OF MOBILE)

63. The City of Mobile is liable under 42 U.S.C. § 1983 because Plaintiff's constitutional injuries were caused by the City's policy, custom, or practice, and/or by actions of a final municipal policymaker.

64. Upon information and belief, Defendant Daughenbaugh acted as a final policymaker for the City with respect to code enforcement practices relevant to Plaintiff, including whether to initiate vehicle enforcement actions and what investigative methods could be used to document alleged violations.

65. Upon information and belief, Defendant Daughenbaugh directed, authorized, approved, or ratified the retaliatory enforcement action initiated on December 4, 2025 and the City's reliance on photographs created through warrantless manipulation of Plaintiff's enclosed garage doors.

66. Alternatively and additionally, the City maintained a custom, practice, or usage of retaliatory or arbitrary code enforcement and of permitting or tolerating unconstitutional

investigative methods in enforcement actions, and such custom or practice was a moving force behind the violations alleged.

67. The City's failures in supervision, discipline, and enforcement controls constituted deliberate indifference to the constitutional rights of residents and lawful occupants affected by code enforcement.

## INJUNCTIVE AND DECLARATORY RELIEF

68. Plaintiff remains subject to ongoing and repeated enforcement actions and threats of further citations regarding the vehicle and related conditions at 927 Nellie Street.

69. Plaintiff has no adequate remedy at law to prevent future retaliation and unconstitutional enforcement practices absent Court intervention.

70. Plaintiff seeks preliminary and permanent injunctive relief prohibiting Defendants and their agents from engaging in retaliatory enforcement actions against Plaintiff for protected speech.

71. Plaintiff seeks preliminary and permanent injunctive relief prohibiting Defendants and their agents from opening, manipulating, entering, or otherwise intruding into Plaintiff's enclosed garage or curtilage at 927 Nellie Street without a warrant, consent, or lawful exigency.

72. Plaintiff seeks declaratory relief that Defendants' conduct described herein violated the First, Fourth, and Fourteenth Amendments to the United States Constitution.

## DAMAGES

73. Plaintiff seeks compensatory damages in an amount no less than Ten Million Dollars ($10,000,000.00), jointly and severally, against Defendants, for all injuries caused by the constitutional violations alleged herein, including but not limited to emotional distress, interference with use and enjoyment of property, loss of peace and security, out-of-pocket costs, time, and other consequential damages.

74. Plaintiff seeks nominal damages in the amount of One Dollar ($1.00) against Defendants, to vindicate the violation of Plaintiff's constitutional rights.

75. Plaintiff seeks punitive damages in an amount no less than Ten Million Dollars ($10,000,000.00) against Defendant David Daughenbaugh in his individual capacity only, to punish and deter willful, malicious, and reckless disregard for Plaintiff's federally protected rights, to the extent permitted by law.

76. Plaintiff seeks costs of suit and such other relief as the Court deems just and proper.

**JURY DEMAND**

77. Plaintiff demands trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and award the following relief:

(a) declaratory relief that Defendants' conduct violated Plaintiff's rights under the First, Fourth, and Fourteenth Amendments;

(b) preliminary and permanent injunctive relief prohibiting retaliatory enforcement and prohibiting warrantless entry or manipulation of Plaintiff's enclosed garage or curtilage;

(c) compensatory damages in an amount no less than Ten Million Dollars ($10,000,000.00);

(d) nominal damages in the amount of One Dollar ($1.00);

(e) punitive damages in an amount no less than Ten Million Dollars ($10,000,000.00) against Defendant David Daughenbaugh in his individual capacity only, to the extent permitted by law;

(f) costs of suit; and

(g) such other and further relief as the Court deems just and proper.

Respectfully submitted,

Jabar Arkez Fair
Plaintiff, pro se

1/27/2026

927 Nellie Street
Mobile, AL 36605