IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JABAR ARKEZ FAIR,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| vs. | )    **CIVIL ACTION NO. 26-00022-KD-B** |
| | ) |
| **CITY OF MOBILE, ALABAMA, and** | ) |
| **DAVID DAUGHENBAUGH in his official** | ) |
| **and individual capacity,** | ) |
| | ) |
|     **Defendants.** | ) |

**ORDER**

This action is before the Court on Plaintiff Jabar Arkez Fair's Emergency Motion for Temporary Restraining Order (TRO) and Preliminary Injunction, (doc. 3). Upon consideration and for the reasons set forth herein, the Motion for a TRO is **DENIED**.

    **I.**    **Facts[1]**

In February 2025, Plaintiff Javar Arkez Fair ("Fair") began engaging in conversation with City of Mobile Code Enforcement Personnel regarding his vehicle parked in public view at 927 Nellie Street, Mobile, Alabama. (Doc. 1 at p. 3). Fair ensured the City personnel he would comply with the code standards but needed time since he lived three hours from Mobile. (Id.). The City personnel provided time for Fair's compliance. (Id.). In October 2025, Fair moved the vehicle inside an enclosed garage at 927 Nellie Street, Mobile, Alabama. (Id.). Fair alerted City

---

[1] The facts are alleged in the Plaintiff's Complaint, Motion, and Declaration attached to the Motion, (docs. 1, 3, 3-1 at p. 6-7).

1

personnel that the vehicle was now inside an enclosed garage. (Id.). Fair claims that the garage can only be opened manually and by exerting force. (Id. at p. 4).

In late November 2025, Fair challenged the City personnel including Defendant David Daughenbaugh on the enforcement practices of the City code. (Id. at p. 3). During this disagreement, Fair requested the City provide him the legal basis for their actions. (Id.). On December 4, 2025, the City opened a new vehicle enforcement case against Fair's vehicle located at 927 Nellie Street. (Id.). This action taken against Fair's vehicle gave him two weeks to comply with the ordered corrective action. (Id.). The Notice of the case stated issuance of a Municipal Offense Ticket may occur if Fair does not comply with the corrective action, and repeated violations would automatically result in a citation. (Id. at p. 4). Fair claims that during this time his vehicle was stowed in the enclosed garage with the doors closed. (Id.). Fair believes that for the City to obtain the alleged photographs of his car in the garage, on which the December 4, 2025 case was based, the City would have had to open the garage since the door was pictured. (Id.). Fair states that he did not give the City consent to open or enter the garage area or its doors. (Doc. 3-1 at p. 7).

In his Complaint, Fair alleges a claim for retaliatory conduct under the First Amendment, an unreasonable search claim under the Fourth Amendment, a procedural due process claim under the Fourteenth Amendment, a substantive due process claim under the Fourteenth Amendment and Monell Liability against the City of Mobile pursuant to 42 U.S.C. § 1983. (Doc. 1 at p. 4-7). Fair filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction. (Doc. 3).

## II. Analysis

Fair requests the Court to enter a Temporary Restraining Order, and after a hearing, a Preliminary Injunction that provides as follows:

1. Prohibits Defendants and their agents from opening, manipulating, entering, or otherwise intruding into Plaintiff's enclosed garage doors or curtilage at 927 Nellie Street without warrant, consent, or lawful exigency;

2. Prohibits Defendants and their agents from towing, impounding, removing, or otherwise taking custody of Plaintiff's personal vehicle stored inside the enclosed garage at 927 Nellie Street;

3. Prohibits Defendants from issuing or pursuing vehicle-directed enforcement actions concerning that stored vehicle pending hearing, except upon notice to Plaintiff and further order of the Court; and

4. Sets an expedited hearing and any other relief the Court deems just and proper.

(Doc. 3-1 at p. 3).

To obtain a temporary restraining order or preliminary injunction, the Plaintiff must show: "(1) a substantial likelihood of ultimate success on the merits; (2) the TRO is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the TRO would inflict on the non-movant; and (4) the TRO would serve the public interest." Ingram v. Ault, 50 F. 3d 898, 900 (11th Cir. 1995) (citation omitted); Gonzalez v. Governor of Georgia, 978 F.3d 1266 (11th Cir. 2020) (same). "The burden of persuasion in all of the four requirements is at all times upon the plaintiff." United States v. Jefferson Cnty., 720 F.2d 1511, 1519 (11th Cir. 1983) (quoting Canal Authority v. Callaway, 489 F. 2d 567 (5th Cir. 1974)). Because the preliminary injunction is "an extraordinary and drastic remedy," it should not "be granted unless the movant "clearly carries the burden of persuasion" as to the four prerequisites." Id. Therefore, Fair must make an

3

unambiguous showing as to all four elements to obtain a temporary restraining order or preliminary injunction.

To the first prerequisite, Fair claims that he would succeed on the merits because his "claims are supported by the temporal proximity between protected speech and the adverse enforcement action, the revival of a vehicle issue previously addressed through cooperative compliance planning, and evidence that Defendants' agents actively manipulated a closed garage door to obtain photographs." (Doc. 3-1 at p. 2). As to the second prerequisite of irreparable injury, Fair summarily argues that the constitutional violations he experienced by the City and Daughenbaugh are ongoing or imminent and that his vehicle is at risk of towing, impoundment, damage or loss. (Id. at p. 3). Citing the sentimental value of the car, Fair claims that monetary relief may be inadequate to repair the possible damage to his vehicle or his alleged constitutional violations. (Id.).

As to the third prerequisite, Fair argues that Defendants would not suffer any legally cognizable harm from the temporary restraining order or preliminary injunction, but he would face "substantial harm from further entry, fabricated evidence, and potential towing." (Id.). To the fourth prerequisite, Fair claims the temporary restraining order and preliminary injunction is in the public interest as it enjoins "warrantless intrusion and retaliatory enforcement[,] promotes public confidence in government and protects the integrity of code enforcement operations. (Id.).

With respect to an "Emergency" Temporary Restraining Order, Fed. R. Civ. P. 65(b)(1) provides that the court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

(A) specific facts in an affidavit or a verified complaint clearly show that

>immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

>(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

As to the alleged first amendment violation, Fair has failed to show how his speech has been chilled; he continues to oppose the legality of the code violation citations. And his allegations of punitive responses from the City are not supported by facts which show such are clearly immediate and irreparable. The same is true as to his allegation that the City trespassed and searched his property in violation of his constitutional rights. Any injury has already occurred and can be compensated monetarily, i.e. it is not irreparable. "An injury is irreparable 'if it cannot be undone through monetary remedies.'" <u>Scott v. Roberts</u>, 612 F.3d 1279, 1295 (11th Cir. 2010).

The remaining allegation is that his procedural and substantive due process rights have been violated and may continue to be violated through the enforcement proceeding. Fair urges the Court to restrain the City from entering his property or impounding his car. The argument of irreparable injury is based on the sentimental value of the car that may be subject to impoundment. Fair speculates that his car may be impounded, and if it is, it may be damaged and thus the possible injury is irreparable. The Court finds that the complaint fails to show that any injury is <u>clearly</u> immediate and irreparable. Rather the allegations are speculative and do not support the issuance of an "emergency" TRO.

### III. Conclusion

The Emergency Motion for Temporary Restraining, (doc. 3), is **DENIED.** The Clerk is **DIRECTED** to send a copy of this Order to Ricardo Woods, Attorney for the City of Mobile by electronic mail to <u>rwoods@burr.com</u> and by regular mail to Ricardo A. Woods, Burr & Forman, LLP, P.O. Box 2287, Mobile Alabama 36652; to the City of Mobile at P.O. Box 1827, Mobile, Alabama 36633-1827; and to David Daughenbaugh at 4851 Museum Drive, Mobile, Alabama 36608. The City and Daughenbaugh are **ORDERED** to respond, **on or before February 11, 2026**, to Fair's request for a preliminary injunction.

**DONE and ORDERED** this **30th day** of **January 2026.**

<u>/s/ Kristi K. DuBose</u>
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**